PETER McLAREN, plaintiff in error, *vs.* JAMES A. BRADFORD, administrator, defendant in error.

1. In this case it was only necessary to show, *prima facie*, that debts are due by the deceased wife to authorize administration to be granted on her estate, and if the administrator positively testifies that there are such debts, it is sufficient, and he will not be required to produce the claims in court.

2. Though a party to a cause of action be an incompetent witness for himself when the other party thereto is dead, yet the administrator of such deceased party may, in a suit between himself and the survivor, introduce the latter as a witness.

3. On the death of a wife living apart from her husband under a deed of separation, administration could be taken on her estate, even before the act of December 9th, 1871, and the assets belonging thereto were recoverable by the administrator from the husband himself for the payment of her debts, unless such debts be paid by the husband.

McLaren *vs.* Bradford.

4. Whether the amount agreed to be paid in the deed and the bond on a breach of the condition thereof, was intended as a penalty or as liquidated damages, is immaterial in this case. In either view the amount of the verdict was, under the evidence, due and recoverable. The deed of separation and the bond constituted but one agreement so far as that question was concerned, and are to be construed together, and under their respective recitals, and the pleadings, were both admissible in evidence.

.5. When a non-resident of this state dies, owning bonds, obligations, or other evidences of debts, which are in the possession of a resident of the state, the ordinary of the county where such person so holding possession resides, may grant administration on the estate of such decedent.

Administrators and executors. Witness. Husband and wife. Evidence. Before Judge STROZER. Dougherty Superior Court. April Term, 1874.

For the facts of this case, see the opinion.

VASON & DAVIS, for plaintiff in error.

WRIGHT & WARREN, for defendant.

TRIPPE, Judge.

On the 10th day of March, 1859, Peter McLaren, his wife, Julia, and Robert H. Green, as trustee for said Julia, executed a deed, in which it was provided that on account of unhappy differences between the said Peter and his wife, they would thereafter live separate. As a provision for the wife, the said Peter conveyed, by the deed, certain property to the trustee for the use of the wife for life, and also covenanted to pay to the trustee for her, $1,500 00 annually, in quarterly installments, and that a bond in the sum of $20,000 00 should be by him executed to the trustee, with the condition that if any two consecutive quarterly payments of said annuity should not be made, "then the said sum of $20,000 00 should be paid to the wife, absolutely, to be held by her as an absolute estate instead of the annuity and the life estate therein provided for her support and maintenance." On the same day the bond

was given as stipulated for in the deed of separation, and also a power of attorney or a deed with authority to the trustee to sell the property conveyed in the deed of separation, and to apply the proceeds of the sale to the payment of the $20,000, on the failure by the said Peter to perform the condition of the bond. Julia McLaren died in the state of Alabama in 1865. Green, the trustee, also died. Bradford, the defendant in error, took out administration on the estate of the deceased wife in this state, but in what county does not appear, and in 1869, instituted suit against Peter McLaren for the $20,000 00, alleging that he had never paid more than the first two installments of said annuity. The defendant pleaded, first, the general issue; second, that on the death of said Julia all her rights and *choses* in action survived to him, without administration, and that if he owed the debt, as alleged, it was owing and due to himself; third, an equitable plea that there were no debts due by his deceased wife, and as the recovery would be for the sole use of defendant, he prayed that on the trial the suit should be perpetually enjoined. A verdict was rendered for the plaintiff for $2,740 00. The defendant asked for a new trial, which was refused, and exceptions to the refusal of the new trial are here for review.

1. One ground for the motion is, that on the trial, Bradford, the administrator, was permitted by the court to prove that Julia McLaren was owing debts at her death. This was objected to by defendant's counsel, it being claimed that the highest evidence was the debts themselves. We are not certain that it was incumbent on the plaintiff to prove affirmatively that there were any debts. But be that as it may, the witness testified as of his own knowledge that attorney's fees, physician's bills and merchant's accounts were owing, and the amount of them. On such an issue, it is sufficient to show that claims against the estate exist, and as the creditors are not parties, full evidence that the claims are in fáct legal and valid claims, will not be required.

2, 3. Plaintiff introduced the defendant as a witness, and it was objected by himself that he could not be forced to tes-

McLaren *vs.* Bradford.

tify, as the wife and trustee were dead. To this there is a sufficient reply that, under the act of 1866, though a party may not be competent as a witness for himself on account of the death of the other party to the cause of action, the act does not disable the administrator of that other party to introduce him as a witness for his intestate.

4. It was stated in the argument that defendant demurred to the declaration on certain grounds, but neither the record or bill of exceptions shows that fact, and we do not consider that point. It was further objected by the defendant that the $20,000 00 was not recoverable as liquidated damages, but that the provisions in reference thereto were to be construed only as a penalty in the event that the annuity was not paid as agreed in the deed of separation and the bond, and was not recoverable in this action, and this was made as an objection to the admission in evidence of the bond and the other paper. All of these papers were executed at the same time; at least, the deed stipulated that the bond should be given; they bear date the same day, and each of these two refers to the other, containing each the same obligation as to the payment of the annuity, or on failure thereof to pay the $20,000 00, to be held by the wife, and, as is stated in the deed, it was to be *instead* of the *annuity* and *the life interest* in the other property therein conveyed. The declaration alleges the execution of both the deed and bond, and sets out the respective stipulations in both as to the quarterly payment of the annuity. The evidence shows that at the death of the wife, a larger sum than the verdict gives was due of the unpaid amount. If, then, on the breach of the bond, as alleged, the forfeiture recoverable was only as a penalty, and that was the value of the unpaid annuity at that time, that would have been greater than the amount of the verdict. So that, whether the amount recoverable was to be ascertained on either basis—that is, on the basis of the forfeiture (so to call it,) being a penalty, or liquidated damages, the defendant cannot complain as to the amount of the verdict. The deed and bond constitute but one agreement, so far as they concern the payment of the annuity

or the forfeiture, and are to be taken together to arrive at a proper construction of either, and as both were averred in the declaration, they were both admissible in evidence to support the action. The ground was also taken in the motion for a new trial, that this suit could not be maintained by the administrator of the wife against the husband; that he was her sole heir-at-law, and that, on the payment of her debts, he was entitled to her whole estate, under the law, as it then stood, without administration. Granting this, it is also true that after the separation and the provision for the permanent support of the wife, the husband, by section 1750 of the Code, was not liable for any debts or contracts of the wife. Such debts were her own individual debts, due by her and payable out of her own assets. Certainly her creditors had a claim on such assets for their payment paramount to that of the husband, or any heir-at-law; and the only way the husband could claim her estate as his, without administration, was by the payment of her debts. If he failed to pay them, and also failed to take administration himself, the legal necessity of the case, so far as it concerned the payment of creditors, required that administration should be taken by some one else. Whoever became the legal representative of the wife's estate was entitled to it to pay the debts, and for that purpose could collect what was due her, no matter by whom, even if it was a claim on the husband himself. In no other way could the debts be forced, and creditors secured.

5. Another point made and taken in the motion for a new trial, was the refusal of the court to charge as requested by defendant, that "if Julia McLaren was a resident of the state of Alabama at the time of her death, and had no property in the county of Muscogee, the ordinary had no right to grant administration on her estate, and the letters are void, and plaintiff has no right to recover." The record does not show in what county the letters were granted. The court charged the substance of the request, omitting the specification of the county. But admit that administration was granted in the county of Muscogee; the trustee lived in that county, he

held the deed and bond, at least, by presumption of law, they were in his possession. They were *choses* in action—evidences of debt—of value to the estate of the wife. If a non-resident of the state dies, owning bonds and promissory notes, which are in the possession of one residing in a county of this state, such person may be said to have property in that county, and under section 334 of the Code, the ordinary thereof may grant administration on his estate. Under the view we have taken of the case, it is unnecessary to notice the question of the Indiana divorce, whether it was valid or not, or whether the evidence was improperly admitted. Neither of those points affect the result.

Judgment affirmed.