STATE v. R. Z. YANDLE.

*Working Convicts on Public Roads—Power of Commissioners of County.*

1. The county commissioners have authority under Sec. 3448 of *The Code* to provide for the working upon the public roads, &c., any one legally convicted of any crime or misdemeanor, or upon failure of one to enter into bond to keep the peace, &c., or to pay or properly secure the payment of cost or fines.

2. The order of the commissioners directing the employment of a convict upon the public roads, and committing him to the custody of a superintendent of such public works, is not an additional sentence or judgment pronounced by the commissioners but an incident to the sentence proper imposed by the court in contemplation of which the prisoner committed the offence.

PETITION for the writ of *Habeas Corpus*.   The defend-

ant having been tried and convicted at August Term, 1896, of UNION Superior Court, of an assault and battery with a deadly weapon, and sentenced to ninety days imprisonment in the county jail, was put by the county commissioners into the custody of James Howie, Superintendent of the " chain-gang " of Union County, to be employed upon the public roads of the county. In order to test the legality of his imprisonment in the chain-gang instead of the county jail to which he had been sentenced by the court, the defendant petitioned for a writ of *Habeas Corpus*, which was granted, and return thereto made before his Honor, *Starbuck, J.*, at Chambers at Rockingham, N. C., on 23d September, 1896. The return of the respondent, James Howie, was as follows :

" I. That the board of county commissioners of Union County, North Carolina, have regularly established according to law a chain-gang for the purpose of working the convicts of said county on the public roads of the said county ; that your respondent is the superintendent of the said chain-gang for Union county, and as such superintendent he has in his custody and under his control the said Richard Z. Yandle.

" II. That the said Richard Z. Yandle is retained in custody by your respondent and worked upon the public roads of said county with other prisoners under authority as follows :

" That the board of commissioners of said county in pursuance of law, as your respondent is advised and believes, have made provision for the employment on the public highways of Union county of all persons imprisoned in the jail of said county upon conviction of any crime or misdemeanor, and who fail to pay all the costs which they are adjudged to pay, or to give good and sufficient security therefor ; and the said board of commissioners have

appointed your respondent superintendent of such work, and charged him with the duty of working such convicts upon the public roads of said county. That the said Richard Z. Yandle, as your respondent is informed and believes, was convicted of some crime or misdemeanor at the last term of Union County superior court, and sentenced by the presiding judge to imprisonment in the county jail of Union county for a period of three months, or ninety days. That the said Richard Z. Yandle, as your respondent is informed and believes, failed to pay the costs of said prosecution, or to give good and sufficient security therefor. That the said Richard Z. Yandle being imprisoned in the jail of said county under said sentence of the court, was delivered by the board of commissioners of said county to your respondent as superintendent of said chain-gang with instructions to work him upon the public roads of said county as other prisoners are worked.

" III. That the said Richard Z. Yandle is not detained by virtue of any writ, warrant or other written authority, except the judgment and sentence of the court in which he was convicted, and a copy of said judgment and sentence is hereto attached marked ' A ' and asked to be taken and considered as a part of this return.

" IV. That the said Richard Z. Yandle, having been convicted of a crime as aforesaid, and being in jail under said sentence of the court, was placed in the custody of your respondent to work him upon the public roads of said county, and the said Yandle is now retained by your respondent under the authority of said order of the commissioners of said county, and under no other authority."

The respondent offered the certificate of J. M. Bivens, register of deeds as follows : " It is ordered by the board of commissioners that Chapter 194, Acts 1895, (for the improvement of public roads in North Carolina,) be adopted

and excepted by the county of Union, and, with all its provisions, is hereby declared to be of full force and authority in said county. The board finds as a fact that the revenue of the county for ordinary purposes, and within the limitations prescribed by the constitution, is insufficient to meet the necessary expenses of improving the public roads, and that, to meet said expenses, it is necessary to levy a special tax on the polls and property of the county not exempt from taxation. It is therefore ordered that a special tax be levied at the regular meeting of the board on the first Monday in June, 1896, not to exceed 15 cents on $100 worth of property and 45 cents on each poll, for the purpose of improving the public roads, and that the amount of tax on each poll and upon each $100 worth of property be fixed at the regular meeting on first Monday in June, 1896, and that in fixing the same the equation prescribed between the poll and property by the county commissioners shall be observed, and that the special levy aforesaid be placed in a separate column of the tax books, under the heading of ' Special Road Tax.' " This certificate was admitted without objection.

His Honor rendered the following judgment:

" The cause coming on to be heard, and upon consideration of the certificate, and the return thereto by James Howie, and the evidence offered, the court finds that the facts set forth in the return are true, and that the commissioners failed to enter on the minutes a record of their proceedings in regard to the working of convicts on the public roads, except as appears in the certificate of J. M. Bivens, clerk of the board, introduced in evidence. And the court being of opinion that the detention complained of by the petitioner is legal, it is ordered that the petitioner Yandle be. remanded into the custody of the said James Howie.

[Signed]          " H. R. STARBUCK, *Judge.*"

STATE v. YANDLE

Defendant excepted to the findings of fact and conclusions of law by his Honor, and assigned as grounds therefor : " (1) That he erred in finding the answer of Howie to be true, there being no proof in support of the facts therein set forth.   (2) That his Honor erred in finding the evidence adduced that the commissioners of Union county had made provision according to law for working prisoners in jail.   (3) That his Honor erred in holding, as a matter of law, that petitioner, Yandle, was in the rightful custody of Howie, and in remanding him to the custody of Howie, to be worked on the public roads. (4) That his Honor erred in failing to hold that the commissioners had no right to work petitioner on the public roads, and that he is in the unlawful custody of the respondent, Howie.   (5) For such other and further errors as are apparent upon the face of the record."

*Attorney General* and *Messrs. Jerome & Williams*, for the State.

*Messrs. Shepherd & Busbee*, for defendant (appellant).

AVERY, J.: The boards of commissioners of the several counties have power to provide for employing on the public streets, public highways or public works, of persons committed to jail by any magistrate or judge of a superior or criminal court having jurisdiction to try the accused upon conviction of any crime or misdemeanor, or upon their failure to enter into bond to keep the peace or for good behavior, or to pay or properly secure the payment of costs or fines.   That the authority to make the order complained of was granted by Section 3448 of *The Code*, and was not withdrawn by any subsequent act, is settled in the well considered opinion of Justice MacRae, in *Myers v. Stafford*, 114 N. C., 234, 237.   There is no force in the contention of the defendant that the order of

the commissioners was in the nature of a sentence subsequently imposed and was void, because they had no judicial authority, and because if they had been competent to try and sentence originally, a sentence had been already pronounced, and no additional sentence could be imposed after the term when it was entered. The principle upon which the defendant relies is a familiar and fundamental doctrine, which was not disputed by the prosecution. The working of the defendant on the public highway was not in pursuance of a judgment pronounced by the commissioners. It was an incident to the sentence proper, imposed by the court, which the law had declared before conviction, and before the offence was committed, should follow. The order of the commissioners was therefore no more an additional judgment than is an order of the Superintendent of the State Prison that a prisoner confined in a cell at the Penitentiary shall be taken to one of the farms now cultivated under his direction. The commissioners were for this purpose only the ministerial agents provided by law for the purpose of managing economically the business of the counties and protecting the people as far as possible against unnecessary cost in the punishment of criminals. A person who commits an assault and battery knows, or is presumed by law to know, the probable legal as well as the natural consequences of his own act. Knowing the law (as we must assume), he knows that the court has the power to imprison upon conviction, and that as an incident the commissioners of the county may, for the protection of the county, order him to be taken out and worked upon the public roads.

The principle governing this case is in no sense analagous to that upon which the decision hinged in *ex parte* Lange, 18 Wall, 163, 175. The order to work the defendant upon the public roads was in no proper sense a second

sentence, imposed after a part of the punishment provided for by an original judgment had been inflicted, but was an incident to the punishment, in contemplation of which he committed the offence. It has been expressly held also, that the provision of Section 3448 of *The Code,* which forbids the hiring out of convicts except under order of the court embodied in the sentence, applied only to farming out convicts to individuals or corporations, and did " not extend to labor employed upon public works, and under the supervision and control of public agents." *State* v. *Sneed,* 94 N. C., 806. The answer of the respondent was sufficient to show that the prisoner was detained by lawful authority, and we are of opinion, therefore, that there was no error in the order remanding him to the custody of James Howie.

No Error.