## DURDEN v. WRIGHT.

1. As a general rule, there can be no administration unless there is an estate left by a decedent to be administered.

(a) But although there is no tangible property to administer, yet if there is something for an administrator to do which may create an estate, such as suing for the death of a decedent, and the like, an administrator should be appointed.

(b) Where one applied for letters of administration upon an estate, alleging that the applicant was a creditor of the decedent and that the latter died leaving a large estate, and one of the next of kin of the decedent filed a caveat to the application, alleging that the decedent died without leaving an estate and that there was none at the date of filing the caveat, it was error to strike the caveat and direct a verdict on ex parte testimony offered by the applicant.

JANUARY 18, 1915.

Application for administration. Before Judge Rawlings. Washington superior court. December 10, 1913.

*Hines & Jordan* and *Evans & Evans,* for plaintiff in error.

*Samuel H. Sibley* and *Sibley & Sibley,* contra.

HILL, J.   Chauncey M. Wright filed his petition with the ordinary of Washington county, alleging, that James Durden had died intestate in 1904, a resident of that county, leaving an estate of real and personal property of the probable value of $10,000; that it was necessary that the estate should be administered; and that petitioner was a creditor of the estate.   He prayed for citation to issue and be published as required by law, and, if no cause was shown to the contrary, that he be appointed administrator upon the estate of the deceased.   C. W. Durden, one of the heirs at law of James Durden, filed a caveat to the application for administration, on three grounds:   (1) That at the time of the death of James Durden he owned no property and left no estate.   (2) That at the present time James Durden has no estate, and there is no necessity for administration.   (3) Caveator denies that the applicant is a creditor of James Durden, deceased, and has any right to apply for administration on the estate.   It does not appear from the record what action, if any, was taken by the ordinary, or how the case reached the superior court, but presumably it was by appeal.   The case is here on exceptions taken to the order of the court below, in sustaining the motion to strike the grounds of the caveat; in admitting, over objection, a certain fi. fa., with the entries thereon, in favor of Charles H. Wright & Son against James Durden (the applicant being one of the plaintiffs in fi. fa.) ; and to the order of the court (there being no evidence for the caveator) directing a verdict finding in favor of the applicant and decreeing that letters of administration be issued to him upon the estate of James Durden, deceased.

1.   The application for administration on the estate of James Durden, alleging that the deceased left an estate, and the caveat filed thereto, denying that averment, made an issue of fact as to whether there was an estate to be administered.   Generally speaking, before there can be an administration, there must be some estate to administer.   This was the issue raised by the caveat which the court struck; and the caveator was entitled to offer evidence in support of his contention that there was no estate to administer, and that the applicant was not a creditor of the deceased.   The leaving of an estate by the deceased is jurisdictional.   The court will not do a useless or vain thing and appoint an administrator when there are no duties for him to perform.   The question then

is, was there anything for the administrator to do? That was an issue which should have been submitted to the jury under proper pleadings and instructions. Where there is conclusive proof that there is no property to be administered and nothing for the administrator to do, administration should be refused. Croswell on Exrs. & Admrs. § 58. The statute contemplates that there is an estate to be administered, and requires that every administrator, upon his qualification as such, shall give bond, with good and sufficient security, "in a sum equal to double the amount of the estate to be administered." Civil Code, § 3972. It follows logically that there is no administration without bond, and if there is no estate there is no administration. Cases can be conceived where there is no tangible estate, but where there is something to be done by an administrator which in contemplation of law may create an estate, such as suing for the death of a decedent. 18 Cyc. 70 (11). In such cases an administrator should be appointed. But the issue in the present case, raised by the application and the caveat, is that there is no estate to administer; and under the view we take of the case, the caveator had the right to prove to the jury, if he could, the allegations of his caveat. We think the court committed error in striking the ground of caveat which made that issue. No question was raised by the caveat as to who was entitled to the administration in case it should be decided by the jury that there was an estate to be administered. There was, therefore, no ground for the argument of the plaintiff in error that the next of kin of the deceased should have been appointed instead of the applicant.

*Judgment reversed. All the Justices concur, except Fish C. J., absent.*