## 38538.   TWEED v. HOUGHTON.

DECIDED JANUARY 5, 1961—REHEARING DENIED JANUARY 18, 1961.

*Marion W. Corbitt,* for plaintiff in error.
*Matthews, Maddox, Walton & Smith, Oscar M. Smith, Charles C. Shaw,* contra.

JORDAN, Judge. The plaintiff's application in the Court of Ordinary of Bartow County, Georgia, seeking the granting of letters of administration upon the estate of William M. Houghton, deceased, alleged in substance that the petitioner was a resident of that county and a creditor of the estate of William M. Houghton; that Houghton was a nonresident of the State of Georgia; that the estate of Houghton had assets located in that county, consisting of a liability insurance policy issued by

the General Insurance Company of America, which policy by its terms agreed to pay, within the limits of the policy, all sums which the deceased might become liable to pay because of bodily injuries sustained by any person and caused by any accident arising out of the use of the deceased's automobile; that the plaintiff's claim against the estate of the deceased arose out of an automobile collision with the deceased while he was operating his automobile on a public highway in Bartow County, and within the terms and under the provisions of the liability insurance policy issued to the deceased by said insurance company; that said insurance company was a foreign corporation doing business in the State of Georgia, and has an agent and place of business in Bartow County; that the deceased at the time of his death was a resident of Batavia, Ohio; that on July 11, 1957, the last will and testament of the deceased was duly allowed and probated and letters testamentary were granted to Mrs. Margaret E. Houghton as executrix of the decedent's estate, by the Judge of Probate of Clermont County, Ohio, a certified copy of the will and order being attached to the petition; and that the said Margaret E. Houghton is no longer serving as executrix of the decedent's estate and that at the present time said estate is unrepresented. The petition prayed for the granting of letters of administration de bonis non cum testamento annexo of the estate of William M. Houghton, for the purpose of administering the Georgia assets and the claims of Georgia residents against the estate.

Mrs. Margaret E. Houghton filed general demurrers and a caveat to the plaintiff's petition. To the order of the court of ordinary overruling the demurrers and granting letters of administration de bonis non cum testamento annexo, the caveatrix filed her appeal to the Superior Court of Bartow County. The judgment under review is the order of that court sustaining the general demurrers to the petition and dismissing it.

It is the contention of the caveatrix that the court did not err in sustaining the general demurrers for the reason that the petition showed on its face that there were no assets of the decedent's estate located in Bartow County, and consequently the Court of Ordinary of Bartow County was without jurisdiction to grant the letters of administration.

*Code* § 113-1211 provides that every application for letters of administration shall be made to the ordinary of the county where the estate or some portion thereof is located if the decedent is a nonresident of this State. In *Berry v. Smith*, 85 Ga. App. 710 (4) (70 S. E. 2d 62) this court held that the potential liability of an insurer under a liability insurance policy, dependent on the establishment of a claim by a third person against the estate, is an asset of the decedent's estate, justifying the appointment of an administrator. The court also held that since a cause of action for damages to person or property does not abate by the death of the tortfeasor, but survives against his personal representative, one who has a cause of action against the deceased for personal injuries has an interest which may be enforced by a suit against an administrator, and is thus entitled to be heard on the appointment of an administrator. *Berry v. Smith*, 85 Ga. App. 710 (3), supra. In that case, however, the question of the situs of the estate, where the potential liability of the insurer is the sole asset and where the decedent is a nonresident of this State was not in issue.

The question for determination in the instant case therefore, is that of the locality of the situs of those assets of the nonresident decedent's estate, arising from the potential liability of the insurer to the estate under a liability insurance policy, for the purpose of founding an administration on that estate, so that an action may be brought against the estate on a claim of liability protected by said policy. It is argued on behalf of the caveatrix that the obligation of the insurer under the liability policy is a simple contract debt; and that, for the purposes of administration, the assets arising from such contract have their situs at the domicile of the insurer; and since it is alleged that the insurer in the present case is a foreign corporation, the situs of such assets cannot be in the State of Georgia or in any county thereof, regardless of the allegations that the insurer is doing business in this State and has an agent and place of business in Bartow County.

Debts by simple contract are, for the purpose of founding administration of a nonresident decedent's estate in Georgia, assets in the county where the debtor resides. *Arnold v. Arnold*, 62

Ga. 627, 637. In New England Mutual Life Ins. Co. v. Woodworth, 111 U. S. 138 (4 S. Ct. 364, 28 L. Ed. 379) it was stated by the U. S. Supreme Court: "The general rule is that simple contract debts, such as a policy of insurance not under seal, are, for the purpose of founding administration, assets where the debtor resides, without regard to the place where the policy is found, as this court has recently affirmed in Wyman v. Halstead, 109 U. S. 654. But the reason why the State which charters a corporation is its domicile in reference to debts which it owes, is because there only can it be sued or found for the service of process. This is now changed in cases like the present; and in the courts of the United States it is held, that a corporation of one State doing business in another, is suable in the courts of the United States established in the latter State, if the laws of that State so provide, and in the manner provided by those laws." The Supreme Court then held that the corporation by availing itself of the privilege of doing business in the foreign State, and subjecting itself to the liability to be sued in the courts of the foreign State, constituted its obligation under the policy assets in that State, thereby giving a locality to the debt for the purposes of administration, so that a suit may be brought under such letters in that State.

While the court was there dealing with the insurer's obligation under a life insurance policy on the life of the nonresident decedent, the principles thus enunciated would be equally applicable to the potential obligation of an insurer arising under a liability policy as in the present case. Indeed, this was the reasoning of the Supreme Court of Oregon in the case of In re Vilas' Estate, 166 Ore. 115 (110 P. 2d 940). There it was held that where the insured under an automobile liability policy, who was a resident of Washington, was killed in an automobile collision in Oregon, in which an occupant of another automobile was injured, and the insurer under the policy was at the time of the accident and ever since such time authorized to do business in Oregon, the liability of the insurer on the policy was an asset of the deceased motorist's estate, warranting the appointment of an administrator in Oregon, so that an action could be brought against the estate on a claim of liability arising out of the colli-

sion. Similar results were reached in Robinson v. Carroll, 87 N. H. 114 (174 A. 772, 94 A. L. R. 1437) and Furst v. Brady, 375 Ill. 425 (31 N. E. 2d 606, 133 A. L. R. 558).

While this conclusion has not been reached in every jurisdiction having occasion to review this question (see for example, the case of Wheat v. Fidelity & Casualty Co. of New York, 128 Colo. 236, 261 P. 2d 493, and Rogers v. Edwards, 164 Kan. 492, 190 P. 2d 857, in which it was held that the situs of such assets is at the domicile of the nonresident decedent) it is our opinion that it is fully supported by competent authority, and constitutes the most rational basis for giving locality to the assets of the nonresident decedent's estate arising from the insurer's obligation under a policy of liability insurance, for the purpose of founding an administration on such estate.

Therefore, since under *Code* § 56-601 a foreign insurance company doing business within the State may be sued in any county of the State where it maintains an agent or place of business, it is our view that, under the allegations of the plaintiff's petition, the potential liability of the General Insurance Company of America to the estate of William M. Houghton, is an asset of that estate located in Bartow County for the purpose of founding an administration on that estate in Bartow County under the provision of *Code* § 113-1211.

Accordingly, the petition otherwise stating a cause of action for the granting of letters of administration in the Court of Ordinary of Bartow County, Georgia, the judgment of the Superior Court of Bartow County, sustaining the general demurrers of the caveatrix and dismissing the petition, must be reversed.

*Judgment reversed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*