## 22579. TRAMMELL v. TRAMMELL.

Duckworth, Chief Justice. On April 15, 1963, Honorable Mack G. Hicks, Judge Emeritus, was called upon by the Governor

to preside for Judge J. T. Pope, Jr., of the Conasauga Judicial Circuit, who was disqualified in certain cases then pending in Whitfield Superior Court. The order further authorized him to hear and determine "any and all other cases which may be pending" and "any and all other cases which may properly come before said court for disposition," and included the performance of all duties conferred upon the local judge while the judge emeritus was presiding. This was the sole authority for the judge emeritus to serve in said court. On September 11, 1963, there was filed in said court a petition by a defendant in a divorce and alimony case which had already reached a final judgment, to modify the custody decree, with a rule nisi attached, signed by Judge Emeritus Hicks, who thereafter heard the demurrers, and after a hearing modified the custody decree. On April 28, 1964, after another hearing of a citation for contempt, the emeritus judge adjudged the respondent in contempt for failing to make additional alimony payments in conformity with the change of custody resulting from the interpretation of the original alimony order entered "in accordance with the approved agreement of the parties" which became a part of the final decree. The exception is to the final judgment here adjudging the plaintiff in error in contempt for the reason that the action of the judge emeritus was absolutely null and void since he had no constitutional or statutory power to serve in the case, and the plaintiff in error was not in contempt, having obeyed in full the final order in the divorce and alimony case. A stipulation of facts shows that the respondent made all payments as required by the final judgment but because of the terms of the agreement had not made any additional payments which might be required under the agreement due to the periods of changed custody as ordered by the judge emeritus. *Held:*

By section 5 of an Act approved March 25, 1958 (Ga. L. 1958, p. 318), it is provided that the Governor may call upon such judges (Emeritus) to serve as judges of the superior courts "when the regular judge for some reason is unable to serve." This unmistakably restricts the power of the Governor to situations where the regular judge is "unable to serve." The order of the Governor conforms to the requirement in specifying cases in which the regular judge was disqualified, for as to them, the regular judge was "unable to serve." But the further portion of the order that he hear and determine

"any and all other cases which may be pending" and "any and all other cases which may properly come before said court for disposition" is manifestly unauthorized by the law, and hence conferred no authority upon the judge emeritus to hear and determine such cases, which includes the instant case. A judgment void on its face is a nullity and may be disregarded. *Code* § 110-709. Want of jurisdiction to hear and determine the petition to modify the final judgment in the case dated November 20, 1962, renders the judgment of October 1, 1963, which undertook to do so void. And the stipulation shows full compliance with the judgment of 1962; therefore, the judgment here excepted to, which was rendered by the same disqualified judge emeritus, and which held the plaintiff in error in contempt for failure to conform to the void judgment of October 1, 1963, is itself erroneous and void. *Adams v. Payne*, 219 Ga. 638 (135 SE2d 423).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1964—DECIDED OCTOBER 8, 1964.

*Mitchell & Mitchell,* for plaintiff in error.

*McCamy, Minor, Vining & Phillips, Carlton McCamy, J. T. Minor, III,* contra.