111 Ga. App. 597 (1965)
142 S.E.2d 317
UNDERCOFLER, Commissioner
v.
ERNHARDT.
41081.
Court of Appeals of Georgia.
Submitted January 11, 1965.
Decided April 22, 1965.
Eugene Cook, Attorney General, E. Hamilton Culpepper, III, Assistant Attorney General, for plaintiff in error.
Jim Hudson, contra.
BELL, Presiding Judge.
1. A taxpayer has at least three remedial procedures available for use in disputing the correctness of an assessment rendered against him by the Revenue Commissioner under the Georgia Sales and Use Tax Act. The tax-payer may proceed: (1) by the method of appeal authorized by the general law as stated in Code Ann. § 92-8446 (see Code Ann. § 92-3434a); (2) by contesting the assessment and collection after issuance and levy of an execution by filing an affidavit of illegality as provided in Code § 92-7301, Blairsville Hardware &c. Co. v. Oxford, 105 Ga. App. 483 (125 SE2d 89); or (3) by paying the taxes illegally exacted and suing for a refund. Oxford v. Shuman, 106 Ga. App. 73 (126 SE2d 522).
There is no doubt that by following either one of these procedures through an adjudication on the merits the question would become res Judicata.
Here the taxpayer chose to proceed by an appeal to the superior court as authorized by the general law. Code Ann. § 92-8446. The Commissioner has moved to dismiss the appeal for want of jurisdiction on the ground that the taxpayer has not given the required bond nor, in lieu of bond, shown that he owns real property in Georgia having a value in excess of the amount of tax in dispute. Counsel for the taxpayer in effect admits those facts but contends their existence does not require dismissal of the appeal.
The motion must be granted and the appeal dismissed. The general law (see Code Ann. § 92-8446) explicitly makes it a condition precedent to jurisdiction over the subject matter by the superior courts that one or the other of those things be done within 30 days of the decision of the Revenue Commissioner. Since jurisdiction of the subject matter is involved, it cannot be waived. A judgment rendered by a court without jurisdiction of the subject matter is absolutely void, Trammell v. Trammell, 220 Ga. 293 (138 SE2d 562), and will be reversed by the appellate courts on their own motion whether exceptions to the want of jurisdiction be taken in the bill of exceptions or not. Georgia R. & Bkg. Co. v. Redwine, 208 Ga. 261, 262 (66 SE2d 234). A judgment entered in a cause where there is a lack of jurisdiction of the subject matter is void and does not have the effect of res *598 judicata. The consent of the parties to the assumption of power by the court over the subject matter does not invest the court with jurisdiction, Griffin v. Nix, 33 Ga. App. 136 (2) (125 SE 732); Chapman v. Silver & Brother, 18 Ga. App. 476 (2) (89 SE 590); Cutts v. Scandrett, 108 Ga. 620, 631 (3) (34 SE 186). A void judgment is supported by no presumptions and may be impeached in any action direct or collateral. Jowers & Son v. Kirkpatrick Hardware Co., 21 Ga. App. 751 (2) (94 SE 1044).
All necessary jurisdictional facts must be clearly and distinctly set out in the pleading upon which the action is based, and their absence may be taken advantage of by demurrer. White v. Atlanta, B. &c. R. Co., 5 Ga. App. 308, 312 (63 SE 234); Moon v. Jones, 101 Ga. App. 79, 80 (1) (113 SE2d 159).
The pleading here, the taxpayer's appeal, does not show jurisdiction of the subject matter since it fails to show on its face either the required bond or in lieu of bond that the taxpayer owns real estate having a value in excess of the amount of the assessment.
Adversary counsel argue that the burden of meeting criteria for jurisdiction rests upon the other. That argument is meaningless, however, for where, as here, an element essential to jurisdiction of the subject matter is missing in the pleading upon which the action is based, it makes no difference who has the burden of proving the value of real estate owned by the taxpayer, for the appeal must be dismissed before trial.
The judgment of the trial court denying the Commissioner's motion to dismiss the appeal for want of jurisdiction is
Reversed. Frankum and Hall, JJ., concur.