## 28393. SEAMAN v. RATTEREE.

INGRAM, Justice. The appellant filed an equitable complaint in Clayton Superior Court seeking the appointment of a special commissioner or receiver to sell, under supervision by the court,

a certain tract of land in Clayton County which appellant alleges is owned, as tenants in common, by appellant and the appellee. The essential averments of this equitable complaint were denied by the appellee who asserted as a primary defense that the land in question was not owned by the parties but was owned by Southern Precision Machinery, Inc., a corporation which had been organized and owned by the parties. Appellee contends that both parties have regarded the property in question as a corporate asset for several years and are now estopped to deny it.

The trial court held a hearing in the case on June 19, 1973, and at the conclusion thereof determined that appellant was not entitled to the appointment of a special commissioner or receiver to sell the property and entered an order denying this relief sought by appellant. The trial court's order was properly certified for review and this appeal is addressed only to the correctness of the trial court's order denying the appointment of a special commissioner or receiver in the case.

The record discloses that the parties in this case were previously involved in litigation in DeKalb Superior Court in 1972. That litigation dealt with the ownership and control of the corporation, which these parties organized (Southern Precision Machinery, Inc.), and with the assets of the corporation. The pleadings in the DeKalb County case, which are a part of the record in this case, refer to the subject property as the "premises of the corporation" and as "its property." That earlier case terminated with a consent order which required the corporation to purchase from James A. Seaman (the appellant here) his shares of the common stock for a stated price to be paid in instalments. The debt was to be evidenced by a promissory note and secured by a first lien deed to secure debt from the corporation covering the same property which appellant now contends in this case is owned in common by him and the appellee. The DeKalb consent order also provides that: "Southern Precision Machinery, Inc., shall permit James A. Seaman to use and occupy its premises (the subject property) until April 1, 1973, without any rent." It was shown by the evidence at the hearing before the trial court in the present case that the appellant and the appellee originally took title to the subject property on November 1, 1960, but after forming the corporation treated the property as a corporate asset by including it as such on the books of the corporation, permitting the

corporation to occupy and use the property, and allowing the corporation at one time to execute a lease of the premises to another company. In addition, the corporation returned the property for taxation and all of this occurred over a period of approximately ten years while the corporate stock was owned by these parties.

We hold that in this case the trial court was authorized to conclude, as it did, that the appellant is estopped to deny the ownership of this property by Southern Precision Machinery, Inc. The conduct of the parties and the subsequent consent order of DeKalb Superior Court in the previous case, to which appellant and appellee were parties, clearly recognize the corporation as the owner of the property involved in the present case. The trial court correctly decided that equity will not lend its aid to the appellant to assert a contrary position in the present case. See *Saturday v. Saturday*, 224 Ga. 236 (161 SE2d 509).

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 15, 1973 — DECIDED NOVEMBER 29, 1973.

*McWhorter & Steinberg, Leonard N. Steinberg,* for appellant.
*Beck, Goddard, Owen & Murray, Howard P. Wallace,* for appellee.