S98Q1334. ESCARENO v. CARL NOLTE SOHNE GMBH.
(507 SE2d 743)

FLETCHER, Presiding Justice.

The Eleventh Circuit Court of Appeals certified to this Court the question of whether the appointment of an administrator for Alejandro Escareno's estate was proper based upon a pending cause of action in Fulton County against Carl Nolte Sohne GmbH, a foreign defendant, or upon the presence of the case file in the decedent's counsel's office in Fulton County. Because we conclude that OCGA § 15-9-31 (2) authorizes the appointment of an administrator for an estate in the county where the decedent had a pending lawsuit, we answer the question in the affirmative.

In 1990, while working in Georgia, Escareno suffered third-degree burns over much of his body when a crucible allegedly manufactured by Carl Nolte Sohne burst, showering Escareno with molten zinc. Escareno filed a diversity suit against Carl Nolte Sohne, a German company, and others in the federal district court for the Northern District of Georgia in January 1992. Escareno died in December 1992, while he was a resident of Mexico. He left no property in Geor-

gia other than his interest in the lawsuit and the file in his lawyer's possession. His lawyer was appointed temporary administrator of the estate and sought to substitute himself as party plaintiff. The district court denied the substitution and dismissed the case; the Eleventh Circuit reversed and remanded. On remand, counsel, with the consent of Escareno's heir, petitioned the Fulton County Probate Court for the appointment of Philip Grant as administrator of the estate, which was granted. Grant then sought substitution as plaintiff. The district court again dismissed the suit, holding that the probate court in Fulton County lacked jurisdiction under OCGA § 15-9-31 to appoint an administrator because Escareno, a resident of Mexico, did not have property in Fulton County or a cause of action against a Fulton County resident.

OCGA § 15-9-32 and OCGA § 15-9-31 (2) address the jurisdiction of a probate court over the estate of a nonresident. OCGA § 15-9-32 provides that,

> [w]hen a nonresident decedent has property or a cause of action in more than one county, letters of administration may be granted in any county in which such property or cause of action is located.

Similarly, OCGA § 53-6-21 provides that application for letters of administration of a nonresident's estate shall be made in a county where some portion of the estate is located. These provisions evidence an intent for the situs of the estate to follow the location of the cause of action. Reading these provisions with OCGA § 15-9-31 (2), which provides that a probate court can grant administration on the estate of a nonresident person "with a bona fide cause of action against some person therein," demonstrates that the pendency of a nonresident decedent's lawsuit in a county is a sufficient basis for the administration of the estate in that county.

This construction is consistent with the long-standing rule that the administration of a nonresident's estate does not require that the nonresident have owned tangible property in this state.[1] Rather, the presence of a cause of action for death or injury to the decedent is a sufficient basis.[2] This construction is also consistent with prior case law giving a broad interpretation to provisions for the administration of a nonresident's estate.[3] To hold, as Carl Nolte Sohne argues, that a

---

[1] *Robbins v. National Bank of Ga.*, 241 Ga. 538, 542 (246 SE2d 660) (1978).

[2] *Durden v. Wright*, 143 Ga. 62, 62 (84 SE 125) (1915).

[3] See *Neal v. Boykin*, 132 Ga. 400 (64 SE 480) (1909) (nonresident decedent's personal property carried into county after his death sufficient for appointment of administrator in that county); *McLaren v. Bradford*, 52 Ga. 648 (1874) (deceased trustee who had been resident of Muscogee County and who had in life presumably had possession of bonds owned by

cause of action is sufficient only if it is against a resident of the county in which it is brought construes Georgia law too narrowly. Such a construction could result in the termination of a pending lawsuit upon the nonresident plaintiff's death, even if the defendant's negligence caused the death.

Therefore, we conclude that the appointment of an administrator for Escareno's estate in Fulton County where the lawsuit was pending was proper.

*Question answered in the affirmative. All the Justices concur.*

DECIDED NOVEMBER 23, 1998.

*Gambrell & Stolz, Irwin W. Stolz, Seaton D. Purdom,* for appellant.

*Morgan, Lewis & Bockius, Thomas B. Kenworthy, David W. Cromley, Hawkins & Parnell, Julia B. Jagger,* for appellee.

---

Alabama resident, sufficient for granting of letters of administration over Alabama decedent's estate in Muscogee County); *Tweed v. Houghton,* 103 Ga. App. 57 (118 SE2d 496) (1961) (construing Ga. Code Ann. § 113-1211, now OCGA § 53-6-21, administration of nonresident decedent's estate in Bartow County proper where decedent was involved in accident in Bartow County and had liability policy from foreign insurer that had agent or place of business in Bartow County).