United States Court of Appeals,

Eleventh Circuit.

No. 97-8415.

Alejandro ESCARENO, Plaintiff-Appellant,

v.

NOLTINA CRUCIBLE AND REFRACTORY CORPORATION, et al., Defendants,

Carl Nolte Sohne GMBH, Defendant-Appellee.

Dec. 31, 1998.

Appeal from the United States District Court for the Northern District of Georgia (No. 1:92-cv-103-JEC); Julie E. Carnes, Judge.

Before COX, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

The issue in this case is whether the Fulton County, Georgia, Probate Court properly appointed an administrator over the estate of Alejandro Escareno ("Escareno" or "Plaintiff"), the deceased Plaintiff in this products liability suit. The Plaintiff contends that pursuant to O.C.G.A. § 15-9-31 the Georgia Probate Court acted within its jurisdiction when it appointed Philip P. Grant ("Grant") as administrator of Escareno's estate. The district court denied the Plaintiff's motion to substitute Grant as a party pursuant to Fed.R.Civ.P. 25(a) on the ground that the probate court lacked jurisdiction to appoint an administrator because Escareno, a Mexican resident, did not have any property in Fulton County, nor did he have a cause of action against a Fulton County defendant. *See* O.C.G.A. § 15-9-31.

To decide this case, we are required to determine the precise requirements of § 15-9-31 for the administration of the estate of a non-resident of Georgia. Because this statute allows for differing interpretations and there are no controlling precedents under Georgia law, we certified the

following question to the Supreme Court of Georgia:

> Whether the appointment of Grant as administrator of Escareno's estate was proper under § 15-9-31(2) based upon either the pending cause of action in Fulton County against a foreign defendant or the presence of a case file in Escareno's counsel's office.

On November 23, 1998, the Supreme Court of Georgia issued an opinion answering our question in the affirmative. In light of the Supreme Court of Georgia's opinion, attached hereto as an appendix, we vacate the district court's order denying Escareno's motion to substitute Grant as administrator of Escareno's estate, and the district court's order of dismissal, and remand this case for further proceedings consistent with the opinion of the Supreme Court of Georgia.

VACATED and REMANDED.


APPENDIX

In the Supreme Court of Georgia

Decided: November 23, 1998

USCA—97-8415

S98Q1334. ESCARENO v. CARL NOLTE SOHNE GMBH.

FLETCHER, Presiding Justice.

The Eleventh Circuit Court of Appeals certified to this Court the question of whether the appointment of an administrator for Alejandro Escareno's estate was proper based upon a pending cause of action in Fulton County against Carl Nolte Sohne GmbH, a foreign defendant, or upon the presence of the case file in the decedent's counsel's office in Fulton County. Because we conclude that OCGA § 15-9-31(2) authorizes the appointment of an administrator for an estate in the county where the decedent had a pending lawsuit, we answer the question in the affirmative.

In 1990, while working in Georgia, Escareno suffered third-degree burns over much of his

body when a crucible allegedly manufactured by Carl Nolte Sohne burst, showering Escareno with molten zinc. Escareno filed a diversity suit against Carl Nolte Sohne, a German company, and others in the federal district court for the Northern District of Georgia in January 1992. Escareno died in December 1992, while he was a resident of Mexico. He left no property in Georgia other than his interest in the lawsuit and the file in his lawyer's possession. His lawyer was appointed temporary administrator of the estate and sought to substitute himself as party plaintiff. The district court denied the substitution and dismissed the case; the Eleventh Circuit reversed and remanded. On remand, counsel, with the consent of Escareno's heir, petitioned the Fulton County Probate Court for the appointment of Philip Grant as administrator of the estate, which was granted. Grant then sought substitution as plaintiff. The district court again dismissed the suit, holding that the probate court in Fulton County lacked jurisdiction under O.C.G.A. § 15-9-31 to appoint an administrator because Escareno, a resident of Mexico, did not have property in Fulton County or a cause of action against a Fulton County resident.

OCGA § 15-9-32 and OCGA § 15-9-31(2) address the jurisdiction of a probate court over the estate of a nonresident. OCGA § 15-9-32 provides that,

> [w]hen a nonresident decedent has property or a cause of action in more than one county, letters of administration may be granted in any county in which such property or cause of action is located.

Similarly, OCGA § 53-6-21 provides that application for letters of administration of a nonresident's estate shall be made in a county where some portion of the estate is located. These provisions evidence an intent for the situs of the estate to follow the location of the cause of action. Reading these provisions with OCGA § 15-9-31(2), which provides that a probate court can grant administration on the estate of a nonresident person "with a bona fide cause of action against some person therein," demonstrates that the pendency of a nonresident decedent's lawsuit in a county is

a sufficient basis for the administration of the estate in that county.

This construction is consistent with the long-standing rule that the administration of a nonresident's estate does not require that the nonresident have owned tangible property in this state.[1] Rather, the presence of a cause of action for death or injury to the decedent is a sufficient basis.[2] This construction is also consistent with prior case law giving a broad interpretation to provisions for the administration of a nonresident's estate.[3] To hold, as Carl Nolte Sohne argues, that a cause of action is sufficient only if it is against a resident of the county in which it is brought construes Georgia law too narrowly. Such a construction could result in the termination of a pending lawsuit upon the nonresident plaintiff's death, even if the defendant's negligence caused the death.

Therefore, we conclude that the appointment of an administrator for Escareno's estate in Fulton County where the lawsuit was pending was proper.

*Question answered in the affirmative. All the Justices concur.*

---

[1]*Robbins v. National Bank of Ga.,* 241 Ga. 538, 542 (246 S.E.2d 660) (1978).

[2]*Durden v. Wright,* 143 Ga. 62, 62 (84 S.E. 125) (1915).

[3]See *Neal v. Boykin,* 132 Ga. 400 (64 S.E. 480) (1909) (nonresident decedent's personal property carried into county after his death sufficient for appointment of administrator in that county); *McLaren v. Bradford,* 52 Ga. 648 (1874) (deceased trustee who had been resident of Muscogee County and who had in life presumably had possession of bonds owned by Alabama resident, sufficient for granting of letters of administration over Alabama decedent's estate in Muscogee County); *Tweed v. Houghton,* 103 Ga.App. 57 (118 S.E.2d 496) (1961) (construing Ga. Code Ann. § 113-1211, now OCGA § 53-6-21, administration of nonresident decedent's estate in Bartow County proper where decedent was involved in accident in Bartow County and had liability policy from foreign insurer that had agent or place of business in Bartow County).