### 22527. BRANCH v. THE STATE.

DECIDED NOVEMBER 18, 1932.

*W. A. Dampier,* for plaintiff in error.
*J. A. Merritt, solicitor,* contra.

PER CURIAM. Having been convicted of possessing intoxicating liquor, Frank Branch filed a motion for a new trial based solely upon the usual general grounds. The only contention made by his counsel in this court is that "the evidence does not support the verdict, . . for the reason that the whisky in question was found in the house of another party, and the only direct evidence supporting the verdict was that of the party at whose house the whisky was found, . . an accessory, admittedly, in said case."

The witness referred to by counsel testified unequivocally that the defendant brought the whisky to the witness's house; that the two carried it in said house; and that witness was merely keeping the whisky for the defendant and had no interest in it.

Unquestionably "the uncorroborated testimony of an accomplice is sufficient to convict in a misdemeanor case." *Martin* v. *State,* 17 *Ga. App.* 372 (86 S. E. 945). "In misdemeanors, the complicity of the witness goes to his credit, and the jury are to judge of his credibility from all the facts and circumstances, as in the case of other witnesses." *Parsons* v. *State,* 43 *Ga.* 197.

It is perfectly apparent that the evidence supports the verdict, and that there is no merit in the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur. MacIntyre, J., not presiding.*