WARD, justice, *v.* MONTGOMERY WARD & COMPANY.

No. 10619. AUGUST 7, OCTOBER 3, 1935.

*McCullar & McCullar,* for plaintiff in error. *D. D. Veal,* contra.

The following expresses the views of RUSSELL, C. J., BECK, P. J., and BELL, J. 1. "All official duties shall be faithfully performed; and whenever, from any cause, a defect of legal justice would ensue from a failure or improper performance, the writ of mandamus may issue to compel a due performance, if there shall be no other specific legal remedy for the legal rights." Code of 1933, § 64-101.

2. It is improper to grant the writ where in doing so the court would be lending aid to the effectuation of a palpable injustice, or where the relator does not come into court with clean hands. 38 C. J. 551, § 22; 18 R. C. L. 138, § 53; People ex rel. Wood *v.* Board of Assessors, 137 N. Y. 201 (33 N. E. 145).

3. Although a justice of the peace has no authority to grant a new trial or to set aside a judgment, yet if the judgment was procured by fraud practiced by the plaintiff upon such officer and the opposite party, the superior court would be justified for this reason in refusing to grant a mandamus on the petition of the plaintiff in such judgment to compel the justice of the peace to issue an execution thereon.

4. In the present case there being some evidence to authorize the inference of fraud as stated above, and it appearing that the judge refused to consider this evidence as having any relevancy in the case, and granted a mandamus absolute upon the theory that the execution should issue as a matter of law, despite the evidence as to fraud, the judgment should be reversed because of the failure of the court to give the proper consideration to such evidence. We are of the opinion that the judge should have considered and passed upon the evidence as to fraud and rendered decision and judgment in conformity to the views stated above.

The following expresses the views of ATKINSON, GILBERT, and HUTCHESON, JJ. The application for mandamus was a proceeding at law. The judgment on its face was valid, and it was the plain legal duty of the justice of the peace to issue an execution to conform to the judgment. If the justice of the peace refused to issue the execution, he could be forced to do so by the writ of mandamus. Code of 1933, § 64-101. If the judgment was defective for any reason not appearing on the face of the record, such as having been procured by fraud, where resort to extrinsic evidence would be necessary to show its invalidity, the sole remedy of the defendant would be in equity to set aside the judgment for fraud. It is settled in this State that a justice of the peace has no jurisdiction to set aside his judgment. The present case differs from *Brunson* v. *Caskie*, 127 *Ga.* 501 (56 S. E. 621, 9 L. R. A. (N. S.) 1002), where it was sought to mandamus the county commissioners to pay off a judgment against the county, and where the lack of jurisdiction of the court to render the judgment appeared on the face of the record.