33920. BELL *v.* THE STATE.

Decided January 21, 1952.

*Walter A. Smith,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, B. B. Zellars, C. O. Murphy,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ▪ Error is assigned in grounds (d), (e) and (f) of the petition for certio-

rari on the failure of the court to declare a mistrial, rebuke the solicitor, or instruct the jury to disregard the following statement made by him to the jury: "His reputation had been good until six months ago, but was not now since he had been fooling around this lewd house with this Johnson woman."

It appears that this remark was based on the testimony of one witness that the Johnson woman ran a house of prostitution and the testimony of another that the defendant stayed in her apartment for periods of time and drank liquor with her. It is the province of counsel to comment upon facts in evidence, and to draw deductions therefrom in such manner as to present the case for the side he represents in its light most favorable to his case, and this right should not be unduly infringed, so long as counsel does not attempt to introduce into his argument facts not supported by the evidence. *Mitchum* v. *State*, 11 *Ga.* 615, 631. The statement that the defendant stayed in the Johnson apartment and drank with her was objected to at the time the testimony as offered and the objection overruled. There is no assignment of error on this ruling of the court, as a result of which the initial propriety of the testimony is not reviewable by this court. This being so, the testimony was properly in evidence and there was no error in allowing the solicitor-general to comment thereon. These objections are without merit.

■ As to the general grounds, it is contended by counsel for the defendant (a) that no crime was proved on the date alleged in the indictment, and (b) that the testimony of the female witness, an accomplice, is not corroborated and is therefore insufficient to form the basis of a conviction. As to the first objection, the witness testified that she had been in the City of Atlanta less than two years, and during that time had filled numerous dates for the defendant on a commission basis. On the trial of a misdemeanor, the case may be made out by proof that the accused committed the act which constitutes the offense charged at any time within two years previous to the return of the indictment. *Reynolds* v. *State*, 114 *Ga.* 265 (40 S. E. 234). Such conviction, of course, would be a bar to another prosecution for the same offense within the statute of limitations covered by the first accusation. *Webb* v. *State*, 13 *Ga. App.* 733 (1) (80 S. E. 14); *Gully* v. *State*, 116 *Ga.* 527 (42 S. E. 790).

As to the second objection, the rule of law that the testimony of an accomplice is insufficient of itself to form the basis of a conviction applies only in felony cases. Code, § 38-121. In misdemeanors, all jointly taking part in the enterprise are principals, and this rule has no application to such cases. *Branch* v. *State,* 46 *Ga. App.* 66 (166 S. E. 685); *Carson* v. *State,* 37 *Ga. App.* 100 (138 S. E. 920).

The verdict was supported by the evidence, and the overruling of the petition for certiorari was not error for any reason assigned.

*Judgment affirmed. MacIntyre, P.J., and Gardner, J., concur.*