## 34261. DRUMMOND *v.* THE STATE.

Decided October 23, 1952.

*Howard, Tiller & Howard,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, B. B. Zellars, C. O. Murphy,* contra.

GARDNER, P. J.   There are no special assignments of error and the only question presented is whether or not the judge of the superior court erred in denying the application of this defendant for the writ of certiorari because the evidence adduced upon her trial in the Criminal Court of Fulton County was insufficient to authorize her conviction for keeping, maintaining and operating a lottery as charged, such evidence being entirely circumstantial and not excluding every other reasonable hypothesis save that of her guilt.   It was shown that there was in operation in said city, State and county, on said day, a form of lottery known as the "numbers game."   It appeared from the evidence that the defendant was in the Cadillac car driven by Billy Lee Watson, and when this car drove into a parking lot near the intersection of Ponce de Leon and Boulevard, and near a branch of the Bank of Atlanta, a negro named Raymond Stephens came over to the car and engaged in conversation with Watson and the defendant. Detectives Boone and Sikes, who were nearby, started towards the parking lot and this car, when Stephens ran off and had to be caught.   The officers found in this car, on the front seat, between Watson and the defendant, an envelope containing 8 original lottery books.   These officers arrested Mrs. Drummond, Watson and Stephens.   On the trial Stephens testified to the fact that while on this particular occasion he was talking to

Watson relative to a car he had bought from Watson, he had before then delivered lottery tickets to Watson and to Mrs. Drummond, tickets which he had written and which they had picked up. It appeared that they had done this on several occasions and made deliveries to them at several places in said county, sometimes to Watson alone, sometimes to the defendant alone and sometimes to both together. He had known the defendant and Watson around two years. Conceding but not deciding that the evidence was not sufficient, as contended by the plaintiff in error, to show that this defendant was engaged in the operation of a lottery on October 16, 1951, when she was arrested and on which date she was charged with having committed said offense, there was evidence that within the statutory time (two years), she had been engaged in the operation of a lottery. "The State is not confined to the date alleged in the accusation in proving the crime, but may prove it as of any date within the period of limitations. . . When the accusation charges the offense generally, the State need not rest its case on proof of a single transaction, but may prove or attempt to prove any number of transactions of the character charged in the accusation and included within its terms." *White* v. *State,* 9 *Ga. App.* 558 (71 S. E. 879); *Daniel* v. *State,* 83 *Ga. App.* 733 (64 S. E. 2d, 690).

The judge, sitting without a jury as a trior of facts, was authorized to find that this defendant, along with Watson, had been engaged in the operation of a lottery known as the numbers game, which is a misdemeanor (Code, § 26-6502), on several occasions within two years (Code, § 27-601(4)).

The testimony of Stephens alone would suffice to convict Mrs. Drummond. The offense was a misdemeanor and there was no need that it be corroborated, and Code § 38-121 was not applicable. See *Parsons* v. *State,* 43 *Ga.* 197; *Martin* v. *State,* 17 *Ga. App.* 372 (86 S. E. 945); *Branch* v. *State,* 46 *Ga. App.* 66 (166 S. E. 685); and *Johnson* v. *State,* 57 *Ga. App.* 813 (197 S. E. 61). Besides, the testimony of Stephens was corroborated.

It follows that the Judge of Fulton Superior Court did not err in overruling the defendant's petition for certiorari.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*