### 36144. MORRIS *v.* THE STATE.

DECIDED APRIL 17, 1956.

*C. C. Crockett, W. H. White, Aretha M. Smith,* for plaintiff in error.

*E. L. Stephens, Jr., Solicitor,* contra.

CARLISLE, J. Upon the trial of the defendant under an accusation charging that he did, on March 18, 1952, "unlawfully have, control, and possess a quantity of intoxicating, spirituous, vinous, malted, alcoholic, fermented and mixed liquors and beverages . . . ," the defendant was found guilty and sentenced to pay a fine of $500 or spend 12 months in jail. His motion for a new trial, based upon the usual general grounds and 5 special grounds, was overruled and he excepted.

■ The motion to dismiss the writ of error, on the ground that the bill of exceptions was not presented to the trial judge within 20 days from the date of the judgment sought to be reviewed, is denied. The defendant assigns error upon the judgment denying his motion for a new trial on January 17, 1956. The bill of exceptions was presented to and signed by the trial judge on February 8, 1956, within a period of 21 days. By the terms of section 7 of the act of 1900 (Ga. L. 1900, p. 117), the City Court of Dublin is to have the same rules of practice and procedure as the superior courts. Code § 6-902, as amended by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 279, 280; Code, Ann. Supp., § 6-902), governing the time within which bills of exceptions in the superior courts must be presented to the trial judge, provides for presentation within 30 days.

■ Headnotes 2 and 4 require no elaboration.

■ Special ground 5, in which complaint is made that the only evidence showing the defendant's possession of the whisky was

that of an uncorroborated accomplice, is without merit. It is well settled that in misdemeanors the uncorroborated testimony of an accomplice or participant in the offense, if believed and acted upon by the jury, will support a conviction. In felony cases a different rule obtains. *Dobbs* v. *State*, 44 *App.* 749, 750 (162 S. E. 845); *Branch* v. *State*, 46 *Ga. App.* 66 (166 S. E. 685).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*