## 39517. DAVIS v. THE STATE.

NICHOLS, Presiding Judge. The defendant was tried and convicted on an accusation charging that he, on a named date in

Washington County, Georgia, "did then and there unlawfully and with force and arms have control and possess spirituous and intoxicating liquors, to wit: NTPW, contrary to the laws of said State, the good order, peace and dignity thereof." The defendant's motion for new trial was overruled by the trial court and such judgment affirmed by this court. *Davis v. State*, 105 Ga. App. 5 (123 SE2d 271). Thereafter, the defendant's motion to arrest the judgment of conviction, made at the same term as the conviction, was overruled and the defendant now assigns error on such judgment. The motion to arrest was based on the contention that the accusation was void because of the language "to wit: NTPW." *Held:*

1. While a defendant is entitled to be tried upon a perfect indictment or accusation, such right may be waived by failure to object until after conviction, and unless the accusation or indictment is so defective as to be absolutely void a motion in arrest of judgment, made after verdict, will not lie. *Lanier v. State*, 5 Ga. App. 472 (63 SE 536); *Gravitt v. State*, 36 Ga. App. 301 (136 SE 829).

2. Assuming, but not deciding, as the defendant contends that "to wit: NTPW" adds nothing to the remainder of the accusation, this only made the accusation subject to special demurrer (*Morris v. State*, 93 Ga. App. 772, 92 SE2d 726) and such words would not invalidate the remainder of the accusation so as to require holding that the same was void. The trial court did not err in overruling the motion seeking to arrest the judgment.

    *Judgment affirmed. Frankum and Jordan, JJ., concur.*

    DECIDED MAY 23, 1962—REHEARING DENIED JUNE 13, 1962.

*Casey Thigpen*, for plaintiff in error.
*Thomas A. Hutcheson, Solicitor*, contra.