SUBMITTED NOVEMBER 2, 1965—DECIDED NOVEMBER 10, 1965.

*Casey Thigpen,* for appellant.

*Thomas A. Hutcheson, Solicitor,* for appellee.

41652, 41653.   PARHAM v. THE STATE (two cases).
41654.   HUDSON v. THE STATE.

SUBMITTED NOVEMBER 2, 1965—DECIDED NOVEMBER 10, 1965.

*James E. Weldon, Ben R. Freeman,* for appellants.
*Wright Lipford, Solicitor General,* for appellee.

NICHOLS, Presiding Judge. ■ "While a defendant is entitled to be tried upon a perfect indictment or accusation, such right may be waived by failure to object until after conviction, and unless the accusation or indictment is so defective as to be absolutely void a motion in arrest of judgment, made after verdict, will not lie. *Lanier v. State,* 5 Ga. App. 472 (63 SE 536); *Gravitt v. State,* 36 Ga. App. 301 (136 SE 829)." *Davis v. State,* 106 Ga. App. 133 (1) (126 SE2d 486). The failure of the indictment to allege the correct date of the alleged larceny would make it subject to demurrer (*Bailey v. State,* 65 Ga. 410), but where no demurrer is filed and the case is tried, or plea is entered, such failure to allege the date of the alleged larceny will not subject the judgment to a motion in arrest. See *Adkins v. State,* 103 Ga. 5 (29 SE 432); *Draper v. State,* 6 Ga. App. 12, 15 (64 SE 117).

Accordingly, the indictments against Parham and Hudson were not subject to the motion in arrest for failure to allege the date of the alleged larceny, nor were the other alleged defects in the indictments (dealing with descriptions of the property allegedly stolen), such as to support a motion to arrest the judgment. The description was not so defective as to make the indictments absolutely void and the failure to demur to such allegations before pleading constituted a waiver of such defects.

■ The remaining ground of each motion in arrest is as follows: "That said indictments show that the defendant was not represented by an attorney, and he was not offered an attorney,

which is illegal under the law of the State of Georgia and violated the constitutional rights of the defendant."

Assuming, but not deciding, that the defendants were not represented by an attorney, and that the signature of the defendant waiving arraignment, and pleading guilty makes such fact apparent from the face of the record, it does not appear from the face of the record that the defendants were indigent, that they did not intelligently waive counsel, or that they were not offered counsel, or the opportunity of obtaining counsel if not indigent.

Accordingly, to establish the fact of whether the defendants' constitutional rights were violated would require a hearing of evidence, which procedure is not provided for in determining the merits of a motion in arrest of judgment to determine what actually transpired on the trial of the cases. Under the decision of the Supreme Court in *Pippin v. State*, 172 Ga. 224 (157 SE 185), the trial court did not err in overruling the motions in arrest of judgment since nothing appears on the "face of the record" that would invalidate in any way the judgments in such cases.

*Judgments affirmed. Eberhardt and Pannell, JJ., concur.*