41792.  SATURDAY v. SATURDAY.

Argued February 9, 1966—Decided March 3, 1966.

253

Joseph Andrews, John R. Rogers, for appellant.
D. E. Turk, J. C. McDonald, for appellee.

EBERHARDT, Judge. ■ The motion to dismiss the appeal was properly denied. That the court of ordinary had jurisdiction of the subject matter is beyond peradventure. The statute, *Code Ann.* § 113-1232 et seq. (Ga. L. 1958, p. 355 et seq.), specifically provides for the filing of the proceeding in that court.

■ The general demurrer to the motion to set aside was properly sustained.

■ The contention that the order of no administration necessary was void on its face because of the failure of the petition to allege that "the heirs at law have agreed upon a division of the estate amicably among themselves," is without merit. While the statute does provide that the petition should so allege, failure to do it is an amendable defect, cured by the judgment, and is not ground for setting the judgment aside. *Code* § 110-705. *Laramore v. Dudley,* 145 Ga. 102 (88 SE 682). Along with the matter of an agreement for amicable distribution among the heirs, the statute requires that the petition allege other matters, e.g., the names, ages, residence of the heirs. Would it be contended that an omission of the residence of an heir, or the giving of an improper address renders the proceeding void? Or suppose the age of an heir were unknown, or incorrectly stated. The answer is obvious. These, like the existence of an agreement for division, are matters which may be cured by amendment.

■ Nor does the omission of any reference to an agreement for division in the order itself have the contended effect. An examination of the statute should clear this. The ordinary is charged with the duty of (a) ascertaining who the heirs are and whether they be of age or suffering from any disability and (b) whether the estate owes any debts. If he finds that all heirs are sui juris and no debts are owing, "it shall then be the duty of the court of ordinary to enter an order in said proceedings finding that no administration or no permanent administration, as the case may be, of said estate is necessary." *Code Ann.* § 113-1235. He is not required to make any finding as to the agreement for division or to incorporate any reference to it in his order.

There is a presumption that every man obeys the mandates of the law and performs all of his official and social duties until

and unless the contrary appears. *Clements v. Hollingsworth,* 205 Ga. 153 (5) (52 SE2d 465). The bringing of a petition under this statute by those who allege themselves to be all of the heirs at law of a deceased gives rise to a presumption that they have reached an agreement for an amicable division of the estate among themselves, whether it be alleged in the petition or not.

No fraud, accident or mistake is alleged as a basis for setting aside the judgment. *Code* § 37-219. Mr. Saturday simply says that he omitted to include an allegation in his own petition as to the existence of the agreement, and now contends that this was a necessary allegation to afford life to the petition. We cannot agree. It would have been a proper allegation. The law provides that it should have been included, but if the matter had been called to his own attention before the judgment was entered we have no doubt that he would have, as he could have, amended to meet the deficiency. That might well have been done if the proceeding had been resisted by anybody, but it was not.

■ Additionally, appellant is now estopped to assert the absence of the agreement. He was one of the petitioners who invoked the entering of the judgment, and "one who obtains a judgment from a court of competent jurisdiction will not be heard to question its validity." *Robbins v. Riales,* 221 Ga. 225, 227 (144 SE2d 80). To the same effect, *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653); *Wallis v. Watson,* 184 Ga. 38 (190 SE 360); *Don v. Don,* 162 Ga. 240, 242 (133 SE 242).

If he were not otherwise estopped on the matter of the existence of the agreement the very allegations of the motion to set the judgment aside would suffice. He alleges that prior to the bringing of the proceeding he and H. J. Saturday had entered into a good faith agreement for an amicable division and that there was a part performance of it after the judgment.

■ At the hearing in the superior court appellant sought to introduce evidence to show that H. J. Saturday was not the child of the deceased, either natural or adopted, hence was not an heir, for the purpose of contending that there was and could have been no lawful agreement among the "heirs at law" for a division of the estate. The evidence was properly rejected, for

it could not have been considered in ruling on the demurrer. Again, appellant was estopped to deny the allegations of his own sworn petition which had not been withdrawn at any time prior to the judgment. These stood as admissions in judicio which he could not controvert with evidence. *Lydia Pinkham Medicine Co. v. Gibbs*, 108 Ga. 138, 141 (33 SE 945); *Carter v. Carter*, 80 Ga. App. 172 (1) (55 SE2d 721). In his petition·appellant alleged that he and H. J. Saturday were, "the husband and son, respectively, of the said Mrs. Edna C. Saturday, and are the sole heirs at law of the said Mrs. Edna C. Saturday."

Nor would the proffered evidence have been relevant in connection with the motion to set aside the judgment, for it went to a matter which did not appear upon the face of the record. Further, a hearing of evidence is not available in determining the merits of such a motion made at a subsequent term. Cf. *Parham v. State*, 112 Ga. App. 636, 638 (145 SE2d 726). There may be a different rule when the motion is made during the term at which the judgment was entered (see *Union Compress Co. v. Leffler & Son*, 122 Ga. 640 (1) (50 SE 483); *Southern Cotton Oil Co. v. Taylor*, 18 Ga. App. 56 (88 SE 798)), or when brought in equity under *Code* § 37-219 (*Branan v. Feldman*, 158 Ga. 377, 384 (123 SE 710); *Ward v. Montgomery Ward & Co.*, 181 Ga. 228, 229 (181 SE 664)), but the judgment under attack was entered at the August term, 1963, while the motion to set aside was filed in the same court in June, 1964. The court of ordinary has regular monthly terms, convening on the first Monday of each month. *Code* § 24-2101. Thus the motion was restricted by *Code* § 110-702 to matters appearing upon the face of the record. *American Mutual Liability Ins. Co. v. Satterfield*, 88 Ga. App. 395 (2) (76 SE2d 730); *Safe-Way Finance Co. v. Standard Bag Co.*, 105 Ga. App. 712 (5) (125 SE2d 733); *Pippin v. State*, 172 Ga. 224 (157 SE 185).

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*