24521. SATURDAY v. SATURDAY.

Argued March 11, 1968—Decided April 9, 1968.

*Joseph Andrews, John R. Rogers,* for appellant.

*D. E. Turk, J. C. McDonald,* for appellee.

Almand, Presiding Justice. H. J. Saturday brought an action against G. B. Saturday praying for an accounting of certain rents, income and profits allegedly due plaintiff, a one-half interest in certain property to which plaintiff claims he is entitled and an injunction to restrain defendant from interfering with plaintiff's rights in said property.

The plaintiff made the following case in his petition. On May 22, 1963, Mrs. Edna C. Saturday died intestate leaving as her sole heirs the defendant and the plaintiff. On June 29, 1963, defendant and plaintiff filed a joint, sworn petition with the Court of Ordinary of Crisp County, alleging that defendant and plaintiff were the husband and son, respectively, and the sole

heirs at law of Mrs. Edna C. Saturday. This petition filed with the Crisp Court of Ordinary sought a declaration that no administration on the estate of Mrs. Edna C. Saturday was necessary. On August 5, 1963, the Crisp Court of Ordinary issued the following order: "The above and foregoing matter coming on to be heard at the time and place fixed in the citation issued and published in the above stated matter, and it appearing . . . that the said G. B. Saturday and the said H. J. Saturday are the only heirs at law of the said Mrs. Edna C. Saturday, deceased . . . it is hereby ordered, that no administration upon the estate of the said Mrs. Edna C. Saturday, deceased, is necessary." A complete copy of this proceeding before the Crisp Court of Ordinary was attached to the petition. Since the death of Mrs. Edna C. Saturday, the defendant has taken and appropriated to his own use all the property which was owned by the deceased except one article and refuses to account to plaintiff for any of the rents, income or profits received from this property or to divide said property with plaintiff.

Plaintiff prayed that defendant be required to make an accounting for all rents, income and profits received by him from the property of Mrs. Edna C. Saturday's estate since her death, that said property be divided, with plaintiff receiving the one-half share to which he is entitled, and that defendant be permanently enjoined from interfering with plaintiff's rights in and to said property.

The defendant filed general and special demurrers to the petition and an answer which admitted the entire proceedings before the Crisp Court of Ordinary and denied only that the plaintiff was entitled to the relief sought, that plaintiff had any interest in the property in question and that plaintiff was an heir at law of Mrs. Edna C. Saturday. Further, the answer alleged that H. J. Saturday, plaintiff, was neither a natural nor a legally adopted child of Mrs. Edna C. Saturday.

Plaintiff made a motion to strike the defendant's answer because it set forth no defense.

The trial court overruled the defendant's demurrers, sustained the plaintiff's motion to strike defendant's answer and refused to allow the defendant to amend his answer because there was noth-

ing to amend and the proposed amendment was merely an amplification of the original answer. Further, the trial court ordered the defendant to file a full accounting of all rents, income and profits received by him from the property in question. The appeal assigns error on these orders.

In a prior action G. B. Saturday, defendant herein, sought unsuccessfully to set aside the judgment of the Crisp Court of Ordinary declaring no administration to be necessary on Mrs. Edna C. Saturday's estate. *Saturday v. Saturday*, 113 Ga. App. 251 (147 SE2d 798).

While the defendant enumerates error on several orders of the trial court, the sole issue presented for our determination is whether the defendant, G. B. Saturday, who made sworn allegations in a petition to the Crisp Court of Ordinary that he and H. J. Saturday, plaintiff, "are the husband and son, respectively, of the said Mrs. Edna C. Saturday, deceased, and are the sole heirs at law of the said Mrs. Edna C. Saturday" and who sought and obtained an order of said court adjudging G. B. Saturday and H. J. Saturday to be the sole heirs at law of Mrs. Edna C. Saturday, is now estopped to deny these allegations and this judicial determination, and, therefore, precluded from raising the defense that H. J. Saturday, plaintiff, was neither the natural nor the legally adopted child of Mrs. Edna C. Saturday in an action by H. J. Saturday to enforce the order of the Crisp Court of Ordinary.

The defendant's original answer to the petition admitted the entire proceedings of the Crisp Court of Ordinary in which he alleged the plaintiff was the son of Mrs. Edna C. Saturday and based upon these sworn allegations obtained a judicial determination that he and plaintiff were the sole heirs at law of Mrs. Edna C. Saturday and no administration was necessary on her estate. Now, defendant in this action seeking enforcement of this order, attempts to raise the defense that plaintiff is not the son of Mrs. Edna C. Saturday and that he is not entitled to any part of her estate. We must conclude that the defendant is estopped to raise such a defense.

It is a well settled rule that the heirs of an intestate, when sui juris, may as among themselves settle up the estate as they

choose, and their adjustment or settlement will be good against one another, and, at least in equity, against mere strangers. *Wilson v. Whitmire,* 212 Ga. 287, 289 (92 SE2d 20). "When a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position through a judgment of the court, or through the acquiesence of the opposite party to his prejudice, he will not thereafter be permitted to assume, as to the same subject matter and against the same adversary, a contrary position." *Carter v. Carter,* 80 Ga. App. 172 (1) (55 SE2d 721). See *Hughes v. Field,* 177 Ga. 128, 132 (169 SE 344), and *Comer v. Epps,* 149 Ga. 57, 59 (99 SE 120). "A claim made or position taken in a former action or judicial proceeding generally estops a party to make an inconsistent claim or to take a conflicting position in a subsequent action or judicial proceeding, to the prejudice of the adverse party." *Ellis v. Ellis,* 161 Ga. 360 (2) (130 SE 681). One cannot complain of a judgment, order or ruling that his own procedure or conduct procured or aided in causing, nor can he be heard to complain of or question a judgment which he invokes. *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653); *Wallis v. Watson,* 184 Ga. 38 (1) (190 SE 360); *Don v. Don,* 162 Ga. 240, 242 (138 SE 242). " 'All questions between parties once and finally settled by a solemn decree must be considered as an end to the litigation. They cannot be re-litigated in other actions, directly or indirectly.' " *Lankford v. Dockery,* 206 Ga. 675 (58 SE2d 403).

The defendant is estopped to deny the allegations of his own sworn petition which were not withdrawn at any time prior to judgment or to question the validity of a judgment which he sought and obtained, until such judgment has been reversed or set aside. Therefore, the defendant is precluded from going behind the judgment of the Crisp Court of Ordinary and raising the defenses asserted in his demurrers, answer and proposed amended answer, and the trial court did not err in its rulings upon these pleadings or in ordering the defendant to account to the plaintiff for all rents, income or profits he received from the property of Mrs. Edna C. Saturday's estate.

*Judgment affirmed. All the Justices concur.*