## 28639. CREAMER v. THE STATE.

PER CURIAM.

The appellant was convicted of two counts of murder and two counts of felony murder arising from the deaths of Dr. Warren B. Matthews and Dr. Rozina Matthews. He was sentenced to four consecutive life terms. He appeals. *Held:*

1. We conclude from a review of the entire record

that the verdicts are supported by the evidence and that the testimony of the alleged accomplice was sufficiently corroborated.

2. The appellant contends that "the court erred in refusing to grant a new trial on the grounds that the court erred in its in camera inspection of the state's file pursuant to the appellant's motion based on the rule of Brady v. Maryland, [373 U.S. 83 (93 SC 1194, 10 LE2d 215)], to require the state to further disclose to the trial court, the files available to the state to wit: all law enforcement files."

The record in this case shows that the trial court did conduct an in camera inspection of the file of the district attorney and did reveal to the defense all exculpatory matter contained therein.

There is no merit in this contention of the appellant.

3. The appellant contends that, "the court erred in refusing to grant a new trial for the reason that the court erred in not excluding the testimony of Debbie Kidd due to the fact that said testimony was incompetent and therefore, inadmissible for the reason that said witness' testimony was tainted by virtue by hypnotic trances under the control of Dr. Edwin P. Hall, an applied psychologist; that the witness' testimony was hearsay; that the State did not satisfy the due process requirements guaranteed appellant by the Fourteenth Amendment to the United States Constitution by properly disclosing to appellant before trial of Debbie Kidd's being put under hypnotic trances; that such failure to disclose further denied appellant of effective benefit of counsel guaranteed by the Sixth Amendment to the United States Constitution because of the nature of hypnosis and because of the injection into the trial of an as yet unknown and undeveloped science, the determination of the nature, results and reliability of which is in the experimental stage, and so recognized by competent medical authorities; and that because of the court's failure to order disclosure, even after exhaustive written request was made by appellant, of all information under state control and direction that had a material effect of the reliability of Debbie Ann Kidd, the case should be remanded for a new trial."

The appellant also contends that, "the court erred in not excluding the testimony of Debbie Kidd due to the fact that said testimony was incompetent and therefore, inadmissible for the reason that said witness was tainted by virtue of hypnotic trances and seances under the control of Dr. Edwin P. Hall, an applied psychologist."

For the facts surrounding Debra Ann Kidd's sessions with Dr. Edwin P. Hall, see *Emmett v. State*, 232 Ga.110, Division 3. As held therein we agree with appellant that the reliability of hypnosis has not been established and statements made while the witness was in a trance are inadmissible. We do not agree, however, that the hypnotic sessions tainted Kidd's testimony and rendered it inadmissible. The evidence discloses that she related to Cobb County authorities the principal facts and details of the crimes prior to her sessions with Dr. Hall. Counsel are experienced advocates and defended appellant vigorously and competently. Debra Ann Kidd and Dr. Hall were cross examined extensively and thoroughly. The fact that Kidd had been placed under hypnosis by Dr. Hall and the purpose therefor were made clear to the jury. Nor do we find that the refusal to disclose to appellant the statements made to Dr. Hall by Debra Ann Kidd during the hypnotic sessions denied him due process of law and effective assistance of counsel. Such statements were inadmissible.

There is no merit in these enumerations of error.

4. (a) The appellant contends that the trial court erred in refusing to grant a new trial on the grounds that subsequent to the trial, conviction and sentencing of the appellant, he discovered new evidence of an exculpatory nature that would demand a different verdict in the case.

All of these contentions have been decided adversely to the appellant in *Emmett v. State*, 232 Ga. 110 (7), supra, a co-indictee, and will not be repeated here.

(b) The appellant contends that the trial court erred in refusing to require the state to purge its list of over 500 witnesses of the names of those persons who were totally without knowledge of this case.

This contention was decided adversely to the appellant in Division 5 of *Emmett v. State*, supra.

(c) The appellant contends that the trial court erred

in denying the defense motion to compel disclosure of evidence.

This contention was decided adversely to the appellant in Division 2a, b of *Emmett v. State,* supra.

5. The appellant contends that his motion for mistrial should have been granted because Debra Ann Kidd testified that appellant had been introduced to her as a "good thief" and that this testimony placed his character in evidence. The motion for mistrial was overruled.

Even if the admission of this evidence was error, it was harmless. In the opening statement of the appellant's counsel, he told the jury that the appellant was not shot on May 7, 1971, but was shot at a later time. In his sworn testimony, the appellant testified that he was shot during an armed robbery on May 19 or May 20.

6. The appellant contends that the trial court erred in sentencing him to four consecutive life sentences to run consecutive to any sentence that he is presently serving. We agree with the appellant. Under the rulings of this court in *Wade v. State,* 231 Ga. 131 (200 SE2d 271); *Mathis v. State,* 231 Ga. 401 (4) (202 SE2d 73); and *Gandy v. State,* 232 Ga. 105 it is directed that the portion of the trial court's order sentencing him to four consecutive life sentences be stricken and it is directed that the sentences run concurrently since the jury did not provide that they were to run consecutively.

*Judgment affirmed with direction. All the Justices concur, except Nichols, P. J., Undercofler and Hall, JJ., who dissent from the ruling made in Division 6.*

ARGUED FEBRUARY 12, 1974 — DECIDED APRIL 4, 1974 — REHEARING DENIED APRIL 23, 1974.

*McDonald & Dupree, Hylton B. Dupree, Jr., Duard R. McDonald, James D. Stokes, Bruce Edenfield,* for appellant.

*George W. Darden, District Attorney, Richard L. Moore, Ben Smith, Arthur K. Bolton, Attorney General, William F. Bartee, Jr., Assistant Attorney General, John B. Ballard, Jr., Deputy Assistant Attorney General,*