## 49906. SCOTT v. THE STATE.

STOLZ, Judge.

The defendant appeals from the judgment convicting him of violations of the Uniform Narcotic Drug Act and the Georgia Drug Abuse Control Act by unlawful possession of heroin and chloral hydrate, and the sentencing therefor.

1. The trial judge did not err in allowing in evidence over objection, for such weight as the jury might give it, the testimony of the state's expert witness from the state crime laboratory, and five untested glassine packets of white powder. From the six visually identical packets which were secured together by a rubber band in the defendant's possession, the witness selected one at

random for testing, and determined it to contain heroin. That packet was marked for identification and admitted in evidence. Although the admission of the untested packets was not essential, since the possession of any amount of heroin is an offense, it was not reversible error, since the jury might conclude from the circumstantial evidence that all six packets contained heroin. The Alabama case of Parks v. State, 49 Ala. App. 32 (268 S2d 498) (1972), cited by the appellant, is distinguishable in that various kinds of containers and different substances not even sent to the crime lab, were there introduced, whereas the evidence here admitted was identical in size, appearance and packaging and had all been sent to the crime lab.

2. The trial judge did not commit reversible error in failing to grant the defendant's motion for mistrial, based on the statement of the state's witness, detective Allison: "I talked to a reliable informer who told me that a colored male [which the defendant is] was down at Poplar Street at Peyton Place and was supposed to have been selling heroin for $8.00." It was not shown that the defendant was the only "colored male" at Peyton Place at that time. Although the statement was hearsay, and may have placed the defendant's character in issue and constituted proof of a distinct, independent, and separate offense (selling heroin), it was not admitted in evidence. The judge sustained the objection, instructed the witness to rephrase the response, then instructed the jury to disregard the previous response. It not appearing that there has been a manifest abuse of the trial judge's broad discretion in passing on motions for mistrial and that a mistrial is essential to the preservation of a fair trial, this court will not disturb his ruling on the motion. See *Jones v. State,* 128 Ga. App. 885 (1) (198 SE2d 336) and cits.

3. The trial judge did not abuse his discretion in denying the defendant's request for disclosure of the identity of the informer, who was a witness to the transaction which resulted in the defendant's arrest. "The scope of the informer's privilege is in the discretion of the trial judge." *Welch v. State,* 130 Ga. App. 18, 20 (202 SE2d 223) and cits. "The fact that the informant is a witness is not controlling where such evidence is not necessary to

obtain a conviction." *Estevez v. State,* 130 Ga. App. 215, 216 (2) (202 SE2d 686) and cits. In the case sub judice the conviction was authorized by evidence that the defendant, when confronted by the police officer, fled the building and discarded the contraband onto the street.

4. The trial judge erred, after the jury had fixed a sentence of 5 years on Count 1, in imposing the sentence to be computed from the expiration of a pre-existing sentence imposed in another county, which the appellant is presently serving, with the service of the last 3 of the 5 years to be suspended, where the jury did not provide that such sentences were to run consecutively. Code Ann. § 27-2510 (b) (Cobb, 836; Ga. L. 1956, pp. 161, 168; 1964, p. 494; *Wade v. State,* 231 Ga. 131 (200 SE2d 271); *Creamer v. State,* 232 Ga. 136, 139 (6) (205 SE2d 240) and cits.; *Goughf v. State,* 232 Ga. 178, 182 (4) (205 SE2d 844) and cits. *Creamer* dealt specifically with the unauthorized imposition of sentences on the defendant to run consecutive to "any sentence that he is presently serving." The holding in *Heard v. State,* 126 Ga. App. 62, 66 (5) (189 SE2d 895), to the extent that the provision for consecutive sentencing could be made by the trial judge rather than the jury in a jury case, must yield to the Supreme Court cases cited above, and cases following them.

Accordingly, it is directed that the portion of the trial judge's order making the 5-year sentence run consecutive to the sentence presently being served, be stricken, and it is directed that the sentences run concurrently, since the jury did not provide that they were to run consecutively. *Creamer v. State,* supra, (6).

5. The denial of the motion for new trial was not error.

*Judgment affirmed with direction. Deen, P. J., and Marshall, J., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED DECEMBER 4, 1974.

*Herndon & Hubble, Robert E. Herndon,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, David Wansley, Warren C.*

*Grice, Roy C. Maddox, Jr., John Adams,* for appellee.

