## 50793. MEALOR v. THE STATE.

QUILLIAN, Judge.

The defendant was tried and convicted on a five-count indictment charging (1) criminal attempt with intent to commit burglary, (2) possession of burglary tools, (3) carrying a concealed weapon, (4) carrying an unlicensed pistol, and (5) possessing a firearm during an attempt to commit a crime. The jury imposed sentences on the three felonies, Counts 1, 2 and 5 and directed the sentences to be served consecutively. The judge imposed sentences on the misdemeanor counts, 3 and 4, and ordered each sentence to run consecutively upon the completion of the sentence on the prior count, and in addition required "all sentences imposed on the Defendant this date will be served consecutively to any sentences the Defendant is presently serving from any other Courts." Defendant enumerates as error that Count 1 — alleging criminal attempt, "did not sufficiently specify a specific crime" and that if Count 1 was fatally defective then there could be no conviction under Count 5 — possessing a firearm during an attempt to commit a crime. Defendant also contests the imposition of sentences imposed in this case to run consecutively to a sentence in another court that he is presently serving because the jury did not recommend that the sentences under this indictment be served consecutively to the prior sentence. Defendant also enumerates as error the general grounds on Counts 1 and

5. *Held:*

1. One accused of crime has a right, if he demands it by timely demurrer, to have an accusation perfect in form and substance. *Harris v. State,* 37 Ga. App. 113 (138 SE 922). If the indictment is fatally defective, the sufficiency can be questioned by general demurrer. *Woods v. State,* 10 Ga. App. 476, 478 (73 SE 608). The defendant in this case did not demur. One who waives the right to be tried upon an indictment perfect in form and substance by failing to demur and takes his chances on an acquittal, will not be heard after conviction to urge defects in the indictment unless the defects are so great that the indictment is absolutely void. *Tanner v. State,* 90 Ga. App. 789, 790 (84 SE2d 600); *Parham v. State,* 112 Ga. App. 636, 637 (145 SE2d 726).

Every indictment or accusation shall be deemed sufficiently technical and correct which states the offense in the terms of the Code or so plainly that the nature of the offense charged may be easily understood by the jury. Code § 27-701. Count 1 conformed substantially to the essential elements of the offense enumerated in the Criminal Code of Georgia, § 26-1001 (Code Ann. § 26-1001; Ga. L. 1968, pp. 1249, 1274). A fair reading of the count reveals that the jury should have had no difficulty in understanding the clear and unambiguous language. The indictment is sufficient to withstand a broadside charge at this level. If the defendant desires to contest the sufficiency of an indictment, he should invoke his rights at the appropriate time — prior to entry of the verdict. *Davis v. State,* 106 Ga. App. 133 (1) (126 SE2d 486).

2. As the enumeration of error regarding Count 5 was based on the alleged defect in Count 1, there being no defect, there is no error as to Count 5.

3. We find no merit to the allegation of the general grounds of error as to Counts 1 and 5.

4. The defendant was serving a prior sentence adjudged in another court when sentenced by this court. As this trial was held prior to the effective date of the new criminal procedure authorizing sentencing by the judge for all offenses (Ga. L. 1974, p. 352; Code Ann. § 27-2301), the jury returned sentences on the felony counts, 1, 2 and 5 and recommended "that all three sentences run

consecutively." The judge imposed sentence upon the remaining misdemeanor counts, 3 and 4, and provided that each sentence would "be computed from the expiration of the sentence in" the preceding count. In addition, he provided for all sentences to be served "consecutively to any sentences Defendant is presently serving from any other Courts." Defendant contends it is error for sentences adjudged by this court to run consecutively to a sentence of another court if the jury did not so provide in their sentence.

Code Ann. § 27-2510 (Ga. L. 1956, pp. 161, 168 (1964, p. 494)) provides that where an accused is convicted on more than one count and sentenced to imprisonment, such sentences shall be served concurrently unless otherwise expressly provided therein. It also states that if an accused is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served concurrently unless expressly provided therein.

Our Supreme Court, in *Wade v. State,* 231 Ga. 131, 134 (200 SE2d 271), interpreted Code Ann. § 27-2510 as saying ". . . unless the jury specifies that the sentences imposed are to run consecutively, then . . . they shall run concurrently." In *Creamer v. State,* 232 Ga. 136, 139 (205 SE2d 240) the court held that a trial court erred "in sentencing [the defendant] to four consecutive life sentences to run consecutive to any sentence that he is presently serving." They directed "that the portion of the trial court's order sentencing him to four consecutive life sentences be stricken and it is directed that the sentences run concurrently *since the jury did not provide that they were to run consecutively.*" Id. (Emphasis supplied.)

Our courts have interpreted *Wade* and *Creamer* as holding that where a jury is silent on the question of concurrent or consecutive sentences or where they do not specify that the sentences will run consecutively to each count or to a sentence presently being served in another court, then the sentences will run concurrently. *Scott v. State,* 133 Ga. App. 466, 468 (211 SE2d 415); *Epps v. State,* 134 Ga. App. 429 (214 SE2d 703). However, these decisions are not completely dispositive of this issue as the

judge sets the sentence for misdemeanors, and under Code Ann. § 27-2510 (b) and (c) could properly prescribe sentences to run consecutively and to commence running at the conclusion of the sentences imposed under the felony counts, and any sentence the defendant is presently serving. *Tischmak v. State,* 133 Ga. App. 534, 537 (211 SE2d 587).

Accordingly, as the jury was silent as to whether the sentence imposed by them in this trial should run consecutively to any sentence presently being served under another conviction, that portion of the sentence is illegal. Conversely, the judge was authorized to require the sentence he imposed to be served consecutively to the sentences imposed by the jury on the felony counts and for those sentences to be served consecutively to any sentence the defendant was presently serving. Thus, that portion of the sentence is legal.

The judgment of conviction is affirmed but we remand for resentencing in accordance with the verdict of the jury and this decision.

*Judgment affirmed in part and reversed in part, with direction. Pannell, P. J., and Clark, J., concur.*

S<small>UBMITTED</small> J<small>UNE</small> 25, 1975 — D<small>ECIDED</small> S<small>EPTEMBER</small> 5, 1975.

*James L. Brooks,* for appellant.

*Kenneth E. Goolsby, District Attorney, Dennis C. Sanders, Assistant District Attorney,* for appellee.