327 So.2d 903 (1976)
Blas U. RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-675.
District Court of Appeal of Florida, Third District.
February 17, 1976.
Rehearing Denied March 23, 1976.
Phillip A. Hubbart, Public Defender, and Gerald D. Hubbart, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The jury found defendant guily of second degree murder under Counts I and II of the indictment, and aggravated assault under Counts III and IV and intent to commit murder in the first degree under Count V. The jury reached its verdict after hearing extensive testimony concerning the defendant's mental state at the time the acts were committed. The defense witnesses were two psychiatrists, Dr. Charles Mutter and Dr. Paul Jarrett, both of whom testified in substance that the defendant was suffering from a major medical disorder which was sufficient in nature to prevent him from knowing the nature and consequences of his acts.
The state's witnesses called in rebuttal of the defense of insanity were three psychiatrists Dr. Sanford Jacobson, Dr. Carolyn Sherin and Dr. Anastasia Costiello, whose testimony was to the effect that the defendant was not suffering from schizophrenia and that he knew the difference between right and wrong and the nature of the consequences of his acts.
*904 He was sentenced to life imprisonment under each of the murder counts, five years in prison under each of the other counts. Sentences under Counts II and IV were to run concurrently.
The sole point raised by appellant on appeal is whether the trial court committed reversible error in wholly excluding all evidence of statements made by the defendant to Dr. Mutter, while the defendant was under hypnosis, and barring Dr. Mutter from testifying as a fact that he placed the defendant under hypnosis.
The only material issue involved at trial was the defendant's sanity. He had entered a plea of not guilty and had given notice that insanity would be interposed as a defense. The defense was attempting to use Dr. Mutter's testimony to show the state of mind of the defendant at the time he did the shooting and that it formed, in part, the basis of the doctor's opinion that the defendant was suffering from paranoid schizophrenia which prevented him from knowing and understanding the nature and consequences of his acts.
The state objected to the admissibility of the testimony and argued that the statements made under hypnosis may be given undue credence by the jury. It was further argued by the prosecutor that statements made while under hypnosis were inadmissible for the same reasons that statements made under the influence of sodium pentothal, commonly known as truth serum, are not admissible. The trial judge sustained the state's objection to the statements made by the defendant while under hypnosis and any reference by the doctor to the use of that procedure. We hold that the trial judges did not commit reversible error in refusing to admit that portion of Dr. Mutter's testimony objected to by the state.
It is a well settled rule in Florida that the trial judge enjoys wide discretion in areas concerning the admission of evidence and that his ruling on the admissibility of evidence will not be disturbed unless an abuse of discretion is shown. None has been shown here.
In Coppolino v. State, Fla.App. 1968, 223 So.2d 68 the court quoted the general rule regarding admissibility of evidence. The rule is:
"Where the evidence is based solely upon scientific tests and experiments, it is essential that the reliability of the tests and results thereof shall be recognized and accepted by scientists or that the demonstration shall have passed from the stage of experimentation and uncertainty to that of reasonable demonstrability."
At this time, we are of the view that the evidence objected to was properly excluded because this court remains unconvinced of the reliability of statements procured by way of hypnosis.
For the reasons stated, the judgment appealed is affirmed.
Affirmed.